NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LENETO RUNEE WRIGHT, | : |
| Appellant, | : |
| v. | : Civil No. 20-cv-15017 (RBK) |
| TRYSTONE CAPITAL ASSETS, LLC, | : **OPINION** |
| Appellee. | : |

**ROBERT B. KUGLER**, United States District Judge:

This matter comes before the Court on behalf of Leneto Runee Wright's appeal of the Bankruptcy Court's Order Abstaining. For the reasons articulated below, the bankruptcy court's Order is **AFFIRMED**.

I.  BACKGROUND

The following background information is taken from the bankruptcy court's letter accompanying the Order Abstaining. Letter Order, *Wright v. Trystone Capital Assets, LLC*, No. 20-1236-ABA (Bankr. D.N.J. Oct. 14, 2020). This matter concerns a residential property ("Property") where Leneto Runee Wright ("Appellant") resided with his late wife. Appellant's wife Mrs. Marlene Wright had entered into an installment contract with the Administrator of Veterans Affairs. Under that agreement, the Administrator was to execute and deliver a special warranty deed conveying title to her upon payment in full. Later that year, the Administrator deeded its interest to a bank, Bankers Trust Company of California (now Deutsche Bank).

1

Appellant avers that he and Mrs. Wright continued to make payments and paid for the Property in full.

A holding company purchased a tax certificate against the Property. The certificate was assigned multiple times, eventually to Trystone Capital Assets, LLC ("Appellee"). Appellee's predecessor entity then filed a tax sale foreclosure against Bankers Trust Company of California, the State of New Jersey, "John Doe" and "Jane Doe." The parties dispute whether Appellant was properly served with or given notice of the foreclosure action. Appellant did not answer the complaint in the foreclosure action, and on January 17, 2020, a final judgment was entered in favor of Appellee against Deutsche Bank, the State of New Jersey, and the condominium associations associated with the Property.

On February 13, 2020, Appellant filed for bankruptcy and proposed his plan to redeem the Property from Appellee. Appellant provided a deed dated February 28, 2020 signed by Bank of America, N.A. deeding the Property to Marlene Wright. The parties dispute whether the document is valid.

On April 27, 2020, Appellant filed a complaint in bankruptcy court, claiming (1) fraudulent transfer under § 548(a)(1)(B); (2) preference under § 547(b); (3) violation of N.J.S.A. Title 54; and (4) Denial of Due Process by the Chancery Court of the State of New Jersey. Appellee brought a Motion to Dismiss Adversary Proceeding for failure to state a claim and for jurisdictional issues. Appellant filed supplemental documents and a Cross Motion for Summary Judgment. Appellee filed opposition to the Cross Motion. After a hearing before the bankruptcy court, the parties agreed to dismiss with prejudice the N.J.S.A. Title 54 and Denial of Due Process claims. A failed mediation on the remaining claims and additional submissions to the court followed.

After substantial briefings on the issue of whether the parties should go to state court to determine Appellant's interest in the Property, the bankruptcy court permissively abstained regarding same. Appellant sought review of the permissive abstention by the district court.

## II.   STANDARD OF REVIEW

The district court has appellate jurisdiction over a final order or judgment of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). The district court reviews a bankruptcy court's exercise of discretion under an abuse of discretion standard. *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998).

## III.   DISCUSSION

### A.  Appellate jurisdiction

This court has jurisdiction to hear appeals from final orders of the bankruptcy court and, with leave granted by court, may hear appeals from interlocutory orders of the bankruptcy court. 28 U.S.C. § 158(a)(1) and (a)(3).

The parties dispute whether the Abstention Order is a final order or interlocutory order. Appellee asserts that it is an interlocutory order and that this court is without jurisdiction to review. (Doc No. 4). Appellant asserts that it is a final order ripe for review. (Doc. No. 5).

Bankruptcy orders are final "if they finally dispose of discrete disputes within the larger case." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 135 S. Ct. 1686, 1689 (2015) (citing *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 657 (2006)). Finality in a bankruptcy case is construed "in a more pragmatic, functional sense than with the typical appeal[.]" *In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 279 (3d Cir. 2002). Multi-factor analysis is not required to

find jurisdiction proper as an appeal of a final order. *See, e.g.*, *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 156 (D.N.J. 2005) (finding a bankruptcy order ripe for appeal based on pragmatism).

Within the Third Circuit, district courts have taken the view that permissive abstention is a final order appealable under 28 U.S.C. § 158(a)(1). *See In re BWP Gas, LLC*, 354 B.R. 701, 705 (E.D. Pa. 2006) (deeming bankruptcy court's permissive abstention and transfer order reviewable) (citing *In re Federal-Mogul Global Inc.*, 300 F.3d 368 (3d Cir. 2002)); *In re D'Angelo*, 491 B.R. 395, 402 (E.D. Pa. 2013) (finding permissive abstention reviewable).

In this case, should the state court determine that Appellant has no interest in the Property, the bankruptcy matter is resolved. The Order Abstaining can therefore be treated as a final order, and this court has jurisdiction to review under U.S.C. § 158(a)(1).

### B.  Permissive abstention under 28 U.S.C. § 1334(c)(1)

The analytical framework for review of a permissive abstention order is nebulous, as Judge Salas explains:

> [T]he Third Circuit has never explicitly delineated factors that courts should consider in this context because "appeals of district court decisions involving permissive abstention, whether or not the court abstains, are barred." *Geruschat v. Ernest Young LLP*, 505 F.3d 237, 249 (3d Cir. 2007); *see also* 28 U.S.C. § 1334(d). "As such, district courts in this circuit have not approached this type of analysis uniformly." *Monmouth Inv'r, LLC v. Saker*, No. 09-3063, 2010 WL 143687, at *4 (D.N.J. Jan. 12, 2010). While some courts have considered a set of twelve factors, other courts have considered a set of seven factors. Since "not all factors necessarily need to be considered," *id.*, courts need only apply the "factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *Geruschat*, 331 B.R. at 220.

4

*In re G-I Holdings, Inc.*, Civil No. 17-0077, 2017 WL 1788656, at *13 (D.N.J. May 5, 2017); *see also Biase v. Nevoso, Pivirotto & Foster, P.A. (In re Barsan Contrs., Inc.)*, Civil No. 10-3081, 2010 WL 3907116 at *7 (Sept. 30, 2010) ("[T]here is no *genuine* difference in opinion as to the factors a court should consider in determining whether discretionary abstention is appropriate; rather, these differences in formulation simply serve to highlight the high degree of discretion inherent in the Bankruptcy Court's authority to exercise permissive abstention under Section 1334(c)").

Here, Appellant suggests a set of twelve factors to determine permissive abstention, where three are more important than the others: "(1) the effect on the administration of the estate; (2) whether the claim involves only state law issues; and (3) whether the proceeding is core or non-core." (Doc. No. 3). Appellee suggests sixteen factors, the same set of factors the bankruptcy court used. (Doc. 4).

In a letter accompanying the order, the bankruptcy court explained its basis for abstaining:

> Abstention does not have an effect on the efficient administration of the estate as the Debtor's right to the Property must be determined under appropriate inheritance and foreclosure laws and that right must be determined before the case can proceed. Having the state court decide predominant and specific and difficult state law inheritance and foreclosure rights and procedures promotes comity and consistency in the application of those laws and procedures. There is no prejudice to the non-debtor party Trystone and in fact, it prefers to proceed in the state court. And while the court acknowledges that it has jurisdiction over the fraudulent transfer and preference claims alleged here, it cannot make a determination as to those claims without the state court first determining whether the Debtor had/has any interest in the Property at all under the state's inheritance and foreclosure laws. This court has no expertise in those areas and the state court is the better place for the issues to be determined. Finally, Bank of America, the successor to the original agreement with the Debtor's wife and the defendant in the Foreclosure Action, is a non-debtor party and based upon the Debtor's submissions, is not even a creditor in this case or would have any reason to be a party in the Debtor's bankruptcy case.

5

Letter Order, *Wright v. Trystone Capital Assets, LLC*, No. 20-1236-ABA (Bankr. D.N.J. Oct. 14, 2020).

Appellant contends that the first important factor, effect on the administration of the estate, weighs against abstention because the future of the case depends on "a determination that the real property is property of the estate pursuant to 11 U.S.C. § 541(a)[.]" (Doc. No. 3). However, as the bankruptcy court explained, this determination must be made under appropriate inheritance and foreclosure laws, the realm of state court. If anything, the administration of the estate is made more efficient by ensuring comity and consistency in the application of state law.

Appellant further contends that abstention is an inefficient use of resources because the parties have thoroughly briefed the issue of Appellant's Property interest and are ready for the bankruptcy court's adjudication. To the contrary, forcing a federal bankruptcy court to resolve an issue that is better suited for state court would inefficiently expend resources. Therefore, this factor weighs in favor of abstention.

Regarding the second important factor, the extent to which state law issues predominate, Appellant contends that the issue of Appellant's interest in the Property is a limited, narrow part of a case rooted in bankruptcy law. (Doc. No. 3). As Appellant notes, however, the bankruptcy court abstained only on the issue of Appellant's interest in the Property, so the breadth of the abstention is only as wide as that state law question. As the bankruptcy court stated, Appellant's right in the Property is a threshold issue for the fraudulent transfer and preference claims. State law is front and center of the case before the bankruptcy court: weighing in favor of abstention.

Regarding the third important factor, whether the proceeding is core or non-core, Appellant contends that the proceeding is a core proceeding because its "substantive roots" are a core proceeding. (Doc. No. 3). Indeed, preference and fraudulent transfer claims are illustrative

examples of core proceedings under 28 U.S.C § 157(b). 28 U.S.C. § 157(b)(2)(F) and (H); *Krasny v. Bagga (In r Jamuna Real Estate, LLC)*, 357 B.R. 324, 331 (Bankr. D. Del. 2006). However, given that the abstention is regarding the threshold state law question of Appellant's Property interest, this court is satisfied that this factor does not render abstention inappropriate. None of the other factors Appellant cites suggest abuse of discretion by the bankruptcy court. *See* Letter Order, *Wright v. Trystone Capital Assets, LLC*, No. 20-1236-ABA (Bankr. D.N.J. Oct. 14, 2020).

For the foregoing reasons, the bankruptcy court did not abuse its discretion when it decided to abstain from determining whether Appellant has an ownership interest in the Property.

**IV.    CONCLUSION**

For the reasons discussed above, the bankruptcy court's Order abstaining is AFFIRMED. An accompanying order will follow.

Dated: 8/11/2021                                          /s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge